JDM 3.21.23
PEB/MA: USAO 2023R00003

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
3/22/2023
CLERK'S OFFICE
AT BALTIMORE
BY O.L., DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**WILLIAM ZEV STEEN,**<br><br>Defendant. | CRIMINAL NO. SAG 23cr102<br><br>(Sexual Exploitation of a Child, 18 U.S.C. § 2251(a); Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B); Forfeiture, 18 U.S.C. § 2253, 21 U.S.C. § 853, 28 U.S.C. § 2461) |

## INDICTMENT

### COUNT ONE
(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland charges that:

On or about November 26, 2008, in the District of Maryland, the defendant,

**WILLIAM ZEV STEEN,**

knowingly attempted to and did employ, use, persuade, induce, entice and coerce Jane Doe, a prepubescent minor female, to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing visual depictions of such conduct, and said visual depictions were produced using materials that were mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, that is, a series of files depicting a nude adult male's penis touching the exposed genitals of Jane Doe, a nude adult male appearing to be engaging in intercourse with Jane Doe, and a nude adult male holding his penis as he sits underneath of Jane Doe, who appears to have ejaculate on her exposed buttocks, said files having been produced using a Cannon PowerShot A540 camera, and stored on a Kingston 2GB Micro SD card, S/N 0838K01707Y, a product of Japan.

18 U.S.C. § 2251(a)

# COUNT TWO
(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland further charges that:

On or about December 3, 2008, in the District of Maryland, the defendant,

**WILLIAM ZEV STEEN,**

knowingly attempted to and did employ, use, persuade, induce, entice and coerce a prepubescent minor female, to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing visual depictions of such conduct, and said visual depictions were produced using materials that were mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, that is, a series of files depicting a nude adult male, with his penis exposed, some of which depicting a nude prepubescent female sitting on top of the adult male, making contact with the male's genitals, said files having been produced using a Cannon PowerShot A540 camera, and stored on a Kingston 2GB Micro SD card, S/N 0838K01707Y, a product of Japan.

18 U.S.C. § 2251(a)

## COUNT THREE
(Possession of Child Pornography)

The Grand Jury for the District of Maryland further alleges that:

From in or about 2008 through on or about November 3, 2022, in the District of Maryland, the defendant,

**WILLIAM ZEV STEEN,**

did knowingly possess and knowingly access with intent to view any book, magazine, periodical, film, videotape, computer disk, and any other material that contained an image of child pornography, as defined in Title 18 United States Code, Section 2256(8)(A), that had been mailed, shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, the defendant possessed a Kingston 2GB Micro SD card, S/N 0838K01707Y, a product of Japan, which contained one or more visual depictions of prepubescent minors engaged in sexually explicit conduct.

18 U.S.C. §§ 2252A(a)(5)(B) & 2256

## COUNT FOUR
(Possession of Child Pornography)

The Grand Jury for the District of Maryland further alleges that:

From on or about May 1, 2022 through on or about November 3, 2022, in the District of Maryland, the defendant,

**WILLIAM ZEV STEEN,**

did knowingly possess and knowingly access with intent to view any book, magazine, periodical, film, videotape, computer disk, and any other material that contained an image of child pornography, as defined in Title 18 United States Code, Section 2256(8)(A), that had been mailed, shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, the defendant possessed an Apple MacBook, Model A1990, S/N C02Z7D4YLVCF, a product of China, which contained one or more visual depictions of prepubescent minors engaged in sexually explicit conduct.

18 U.S.C. §§ 2252A(a)(5)(B) & 2256
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. of Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 2253, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c) as a result of the defendant's conviction under any of the offenses set forth in Counts One through Four of this Indictment.

2. Upon conviction of any of the offenses in Counts One through Four of this Indictment, the defendant,

**WILLIAM ZEV STEEN,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 2253(a):

    a. any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, 2252, or 2252A, 2252B, or 2260 or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, received or possessed in violation of Title 18, United States Code, Chapter 110;

    b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

    c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

### Property Subject to Forfeiture

3. The property to be forfeited includes, but is not limited to, the following:

    a. Kingston 2GB Micro SD card, S/N 0838K01707Y, a product of Japan; and

    b. Apple MacBook, Model A1990, S/N C02Z7D4YLVCF, a product of China.

**Substitute Assets**

5.  If the property described above, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;
    b.  has been transferred or sold to, or deposited with, a third party;
    c.  has been placed beyond the jurisdiction of the Court;
    d.  has been substantially diminished in value; or
    e.  has been commingled with other property that cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and 28 U.S.C. § 2461(c).

18 U.S.C. § 2253
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

_Erek L. Barron_
Erek L. Barron
United States Attorney

A TRUE BILL.

**SIGNATURE REDACTED**
Foreperson

Date: March 22, 2023