

```
_____ FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

        SEP 2 4 2024
        AT BALTIMORE
    CLERK, U.S. DISTRICT COURT
        DISTRICT OF MARYLAND
BY                         DEPUTY
```

9/20/2024

Judge Stephanie A. Gallagher

Re:   United States v Steen (1:23-cr-00102), District Court, D. Maryland

Your Honor:

My name is Asher Lovy and I am the Executive Director of ZA'AKAH, which is an organization dedicated to raising awareness about child sexual abuse in the Orthodox Jewish community. ZA'AKAH operates as an arm of SNAP, a non-denominational not-for-profit focused on supporting victims of abuse at the hands of religious and institutional authority figures more generally.

I am writing to you regarding the sentencing of William Zev Steen, who was convicted of the Sexual Exploitation of a Child in the above-referenced matter. I understand that sentencing is scheduled for 9/30/2024.

We understand that the defendant has submitted to the court numerous letters of support in an effort to mitigate his sentence, and that defendant seeks to maintain such letters under a seal of confidentiality. I am writing this letter to strongly urge your honor not to grant defendant's motion due to the extraordinary value of ensuring that the public knows which individuals – and in particular, which community leaders – will advocate for a convicted sex offender.

As an initial matter, federal criminal proceedings are a matter of public record, and there is a strong presumption that the public should have access to the records of federal criminal proceedings. Such an access right is fundamentally grounded in our collective belief that transparency is critical to justice. A compelling interest would therefore be required to limit such a fundamental public right. For example, confidential informants can only operate confidentially or their personal safety will be compromised. Similarly, sexual abuse victims (and to a certain extent, the public) have a compelling interest in maintaining their anonymity, because of the reduced likelihood of reporting if victims' identities are made public.

In general, the public should have access to character letters written on behalf of criminal convicts in order to understand what factors a judge may have considered in sentencing the convict. In this case, however, the public interest is even greater, and for two primary reasons.

The first concerns the extraordinary breach of trust and authority perpetrated by the defendant, who was a teacher at a girl's high school. The defendant's conduct should be taken even more seriously when one considers his relationship to the victims. The second concerns the identity of those who advocate for the defendant, many of whom are rabbis, teachers and other authority figures within defendant's community.



It is difficult for survivors of sexual violence in the general population to disclose and report abuse. Statistically survivors often take decades before feeling comfortable and safe disclosing and reporting their abuse. That decision is even more difficult in a tight-knit religious community like the one the defendant is a part of. A survivor disclosing abuse needs the support of their community, and knowing whom they can trust to provide that support is crucial to their decision to disclose and report. There is a significant public interest in survivors being able to make informed decisions about whom they confide in and rely on for support when going through the difficult process of disclosing and reporting.

As I have seen many times in my 12 years of assisting survivors, survivors can be driven back into silence if they confide in an authority figure and find them unsympathetic to their needs or their desire to report to authorities. It is in the public interest that these disclosures and reports be encouraged as it helps expose dangerous predators and get them off the street. I therefore respectfully submit that the effect of allowing this sentencing memo with its attached letters to be sealed could result in survivors having a more difficult time deciding to disclose, thereby making it more likely that abusers in the community never face justice. Survivors have a right to and an interest in being as informed as possible in making decisions about whom to rely upon for support in disclosing and reporting. That interest is not served by sealing this sentencing memo and the attached letters.

The defendant may be entitled to have his supporters speak for him, but neither he nor they has any right to shield from the public this critical part of the criminal process. Obviously should there be a need to shield sensitive information from being exposed to the public there should be appropriate redactions made.

Sincerely,

*Asher Lovy*

Asher Lovy
Executive Director
347-799-7836
Asher@zaakah.org