**SILVERMAN THOMPSON**
Silverman Thompson Slutkin White
ATTORNEYS AT LAW

*A Limited Liability Company*
400 East Pratt Street
9th Floor
Baltimore, Maryland 21202
Telephone 410-385-2225
Facsimile  410-547-2432
silvermanthompson.com

*Baltimore | Towson | New York | Washington, DC*

Writer's Direct Contact:

**Andrew C. White**
**410-385-2225**
awhite@silvermanthompson.com

September 24, 2024

**<u>VIA ECF</u>**

Honorable Stephanie A. Gallagher
United States District Judge
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201

      Re:   *United States v. Steen*
              <u>Crim. No. 1:23-cr-00102- SAG</u>

Dear Judge Gallagher,

      Pursuant to your Order dated 9/24/2024, I am submitting (1) a proposed redacted Sentencing Memorandum, and (2) related redacted Letters of Support in the above-captioned case. In making these redactions, we have followed the guidance provided by Fed. R. Crim. P. 32 (d)(3) regarding the contents of presentence reports.

      As an initial observation, I note that as a matter of nationwide practice in the U.S. Probation Office, the entirety of Part C of Presentence Reports detailing a "Defendant Characteristics," including Personal and Family Data is considered confidential and is not provided to the public or even the U.S. Sentencing Commission. Many Judges in the District make clear to defendants in both Rule 11 proceedings and at sentencing, that the personal information contained in Part C of a Presentence Report is confidential.

      In preparing the enclosed redacted sentencing memorandum and related redacted submissions, we have removed personal and family data that concerns persons not a party to this case, including sensitive information concerning the defendant's family and children. *See United States v. Cuevas*, 2023 WL 6196142, at *1 (D. Nev. Sept. 22, 2023) (allowing for exclusion of sensitive "historical personal information" in a sentencing memorandum).

      With respect to a series of letters written in support of the defendant and a related video, these items were submitted to the defense under the express assurance that they would be sealed. Indeed, courts have recognized

> ***If letters such as these were routinely disclosed and made part of the public record, it may have a chilling effect and discourage the valuable input as to the character of the defendant and other relevant sentencing concern that would be garnered from the community during the sentencing process. . . The privacy expectations of citizens and the benefit of honest uninhibited commentary on sentencing issues far outweigh the need for public access to these letters.***

Honorable Stephanie A. Gallagher
September 27, 2024
Page Two

*United States v. Lawrence*, 167 F.Supp.2d 504, 507 (NDNY 2001); *see also United States v. Kravetz,* 706 F.3d 47, 58 (1st Circ. 2013) (recognizing "a legitimate concern that the routine disclosure of third- party letters may discourage valuable input from the community during the sentencing process"); *see also United States v. Kushner*, 349 F. Supp. 2d 892 (NDNY 2005) ("If a general policy of disclosure were in place at the time of defendant's guilty plea, it is quite likely that numerous of the individuals who have written on his behalf would have declined to do so.").

The defense is aware of a letter submitted to the Court by Mr. Asher Lowy, Executive Director of Zaakah, requesting the Court to prevent the sealing of the defendant's sentencing memorandum and above-referenced letters. (ECF 47). In this letter, Zaakah asks the court

> *"not to grant defendant's motion [to seal] due to the extraordinary value of ensuring that the public knows which individuals –*
> *and in particular, which community leaders – will advocate for*
> *a convicted sex offender."*

ECF 47 at p.1. The letter goes on to explain that Zaakah wants the names of these persons so that they can determine *"whom they can trust."* ECF 47 at p.2. This is precisely the recognized danger that the courts in *Lawrence, Kravetz,* and *Kushner* sought to prevent.

In any event, the defense recognizes that there is an interest in allowing the public to determine the bases for a sentencing decision. Accordingly, we have redacted the letters of support to remove identifying information. We submit that such redaction reflects an acceptable balancing of the public's interest versus the need to encourage the open flow of information so critical to a defendant at sentencing. *See Kushner,* 349 F.Supp. 2d at 901. (allowing content but redacting authorship of a character letter reflected "a delicate balancing whereby privacy concerns and the avoidance of even the remotest chilling effect appear to be weighted quite heavily.")

Respectfully submitted,

_____/s/_____
Andrew C. White
Marc Zayon
Counsel for William Zev Steen