UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812
MDD_SAGchambers@mdd.uscourts.gov

October 2, 2024

**LETTER ORDER**

Re:  United States v. William Steen
     Criminal Case No. SAG-23-102

Dear Counsel:

On September 24, 2024, this Court issued an Order denying both Parties' motions to seal and instructing the Parties to re-submit their sentencing memoranda redacting "only the identities of minors and other similarly sensitive information." ECF 47. The Parties have submitted redacted sentencing memoranda and attachments. ECF 40, 49. In addition, defense counsel provided a letter explaining the rationales for his redactions. ECF 48. Specifically, the defense extensively redacted "personal and family" information from the Sentencing Memorandum, and the names and identifying information of persons who authored letters of support. *Id.* The letters, apparently, were submitted under "the express assurance that they would be sealed." *Id.*[1]

On September 30, 2024, the day of sentencing, this Court received a second letter from a non-profit organization expressing concern over the redaction of the names of the authors of letters of support. ECF 50. The letter's author reiterated that there is a strong public interest in disclosing the authors of the letters because the choice of whom to disclose abuse to is critical for survivors of sexual violence. *Id.* At sentencing, the Parties briefly addressed the letter and the Parties' redactions. The government expressed no view on the issue, and Mr. Steen's counsel represented that the redactions were narrowly tailored to protect privacy interests.

Regardless of the positions of the Parties, this Court must ensure that the public's First Amendment right of access is protected. *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986) ("[The] First Amendment right of access applies to documents filed in connection with plea hearings and sentencing hearings in criminal cases."). "The presumptive right of access plainly attaches" to letters attached to a sentencing memorandum, and in particular ones that are "expressly referenced," or "directly quoted." *United States v. Kravetz*, 706 F.3d 47, 58 (1st Cir. 2013) (noting that any risk of chilling is outweighed by the benefits of disclosing letters). Nevertheless, limited redactions of "sensitive information," such as the identifying information of minors, personal

---

[1] "It is self-evident that counsel may not make any such binding assurances about how a court would view such documents." *United States v. Kravetz*, 706 F.3d 47, 61 (1st Cir. 2013). If courts routinely considered similar representations, the public interest could be easily thwarted by counsel's promises.

<u>United States v. Steen</u>
Criminal Case No. SAG-23-102
October 2, 2024
Page | 2

information of third parties, and medical information are appropriate in public filings. *See United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018); *United States v. McComber*, No. ELH-21-036, 2024 WL 2804039, *12 (D. Md. May 31, 2024) (approving very limited redactions that were "narrowly tailored to the Court's compelling interest in preserving the confidentiality of painful and sometimes disturbing details about third parties, some of them minors.").

      Defense counsel's extensive redactions exceed what is necessary to protect sensitive information. The extent of counsel's redactions obscures the substance of the sentencing memorandum and many of the letters of support. Accordingly, the Court will Order Mr. Steen to re-submit his sentencing memorandum and letters of support with this guidance in mind. Specifically, the sentencing memorandum should contain only limited redactions to protect the privacy of the Defendant's children and the victim in this case. Although is in some cases appropriate to redact the names of other family members, here the Defendant's spouse, parents, brother, and brother-in-law testified on his behalf in open court, and it is therefore unnecessary to redact their names.

      As to the letters, Mr. Steen's counsel similarly must limit redactions to what is necessary to protect sensitive information, and must take particular care to ensure the identities and roles of religious, educational, and community leaders are not redacted. The public has a strong First Amendment interest in understanding what religious, educational, and community leaders submitted to this Court. In addition, the defense should file appropriately redacted versions of the letters submitted by family members and persons from the Howard Correctional Facility, many of which were excerpted and relied upon in the sentencing memorandum and at sentencing, but are not yet on the public docket in any form. The defense should limit redactions to information about the Steen children and the victim in this case, or similarly sensitive information. The public's right to access court documents is paramount, and accordingly redactions should be very narrow in scope and used only to protect sensitive information.

      To assist in this process, the Court has created a redacted memorandum and redacted letters that comply with the First Amendment and protect the privacy interests of private citizens, and will provide them to the Parties. Defense counsel should re-file the sentencing memorandum and letters incorporating this Court's proposed redactions no later than October 9, 2024.

      Despite the informal nature of this letter, it is an Order of the Court and should be docketed accordingly.

      Sincerely yours,

      /s/

      Stephanie A. Gallagher
      United States District Judge